**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4133**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SEAN M. MCINTOSH,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:05-cr-00483-PJM-1)

Submitted: January 26, 2022             Decided: February 1, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Catherine K. Dick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean M. McIntosh appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months' imprisonment. On appeal, McIntosh argues that (1) the district court denied him due process by exhibiting judicial bias; (2) the district abused its discretion by admitting unreliable hearsay evidence at the revocation hearing; and (3) defense counsel provided ineffective assistance by not moving to recuse the district court judge. We affirm.

McIntosh first argues that the district court denied him due process by exhibiting judicial bias. Because McIntosh did not raise below his claim regarding the district court's bias, our review is for plain error. *United States v. Beltran-Leon*, 9 F.4th 485, 499 (7th Cir. 2021) (stating standard of review); *see United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010) (same). To establish plain error, McIntosh must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

"While 'a fair trial in a fair tribunal is a basic requirement of due process,' not all claims of bias rise to a constitutional level." *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (quoting *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)). "In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality

2

challenge." *Liteky*, 510 U.S. at 555. Thus, in the absence of reliance on an impermissible factor such as race or national origin, *United States v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991), or some personal stake in the litigation, *see* 28 U.S.C. § 455(b)(2)-(5), negative opinions formed during the course of criminal proceedings require recusal only when they "display[] deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556.

Here, McIntosh does not rely on an extrajudicial matter. Rather, he relies entirely on the district court's comments noting the serious and concerning nature of McIntosh's conduct. A judge's "expressions of impatience, dissatisfaction, [or] annoyance" in response to such behavior do not, without more, establish bias or partiality. *Liteky*, 510 U.S. at 555-56. McIntosh has not identified any statements or behavior by the district court judge displaying the requisite antagonism that would make fair judgment impossible. Therefore, we discern no plain error.

McIntosh next argues that the district court erred by admitting the victim's statements, which he alleges were unreliable hearsay. "We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). A defendant in a revocation proceeding is "entitled to 'an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'" *Id.* (quoting Fed. R. Crim. P. 32.1(b)(2)(C)). "Rule 32.1(b)(2)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying

3

such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). While reliability is no longer the test for admissibility, *id.*, it remains "a critical factor in the balancing test under Rule 32.1," *id.* at 531. "If hearsay evidence is reliable and the [g]overnment has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." *Id.*

We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the victim's statements in the reports filed by police and security officers who responded to the incident. McIntosh did not object to the admission of the reports, and the district court found that the victim was credible and that her statements were corroborated by overwhelming evidence.

Finally, McIntosh argues that defense counsel provided ineffective assistance of counsel by not moving to recuse the district court judge. We will not consider a claim of ineffective assistance on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir.), *cert. denied*, 141 S. Ct. 927 (2020); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Our review of the record leads us to conclude that McIntosh fails to meet this high standard. We therefore decline to address this claim on direct appeal.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*